DECISION
This appeal concerns certain real property assessments for the 2008-09 tax year. They are identified in the Benton County tax records as Accounts 417316, 417314, and 235212. The property has no improvements.
A trial was held on December 10, 2009. Min-Hsin Lin (Lin), owner, appeared for Plaintiff. Randy Kugler, Philomath City Manager, testified for Plaintiff. Richard D. Newkirk (Newkirk), county appraiser, testified for Defendant.
 I. STATEMENT OF FACTS
The subject property consists of approximately 43 acres of industrial land located at 617 North 19th in Philomath, Oregon. It is the former site of a Weyerhaeuser mill. (Def's Ex A at 5, 6.)
The parties vary substantially in their opinions of the real market value (RMV). Plaintiff appeals from Orders of the Benton County Board of Property Tax Appeals (BOPTA). The combined RMV opinions are summarized as:
 Total RMV $ per Square Foot
 BOPTA $1,212,404 $ .65
 Defendant Trial $2.15 million $1.15
 Plaintiff Trial $400,000 $ .25
 *Page 2 
Plaintiff purchased the subject property on October 25, 2007. That was within a few weeks of the January 1, 2008, assessment date. He paid a total of $1.2 million. He intended to use the land for a biomass electricity-fuel facility. That plan never came to fruition due to unplanned events such as high costs, legal requirements, and community concern.
Plaintiff's representative produced no probative valuation evidence prior to trial. His presentation consisted largely of various arguments, beliefs, and suppositions that were contained in the original Complaint. Lin stated he believed that the property had a reduced value due to wetlands and cost estimations.[1] . He requested that the court "reduce my property tax by 30% — 50%." (Ptf's Compl at 2.) No sales data involving similarly affected properties were offered.
Plaintiff testified about a hypothetical situation involving 24 potential lots selling for a prospective $100,000 each. However, no market-derived evidence accompanied the testimony.
Pursuant to Tax Court Rule-Magistrate Division 10, Defendant submitted a comprehensive appraisal summary as Defendant's Exhibit A. It was received without objection. Plaintiff offered several exhibits and evidence items at trial. They were untimely and not presented earlier to Defendant's representative. They were excluded and not considered by the court.
Defendant concluded the land did not suffer from serious deficiencies and did not see the need to make special adjustments. Newkirk's evidence included several sales of comparable properties. All transactions occurred near the respective assessment date. For the 2008-09 tax year, eight sales were presented. The sales prices ranged from $.64 to $3.15 per square foot. (Def's Ex A at 30.) After necessary adjustments, the indicated range was from $.65 to $2.96 per square foot. (Id.) Newkirk concluded a combined total of $2.15 million at $1.15 per square foot. *Page 3 
The appraisal information was offered to support the BOPTA Orders; Defendant does not request an increase in the tax roll values.
 II. ANALYSIS
The court's objective is to determine the RMV of Plaintiff's property as of January 1, 2008. ORS 308.205(1)[2] defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
The court looks for "arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas CountyAssessor, TC-MD No 020869D, WL 21263620 at *3 (Mar 26, 2003).
No reliable independent valuation evidence was produced by Plaintiff. More is needed than beliefs and conclusions. The court must have market sales evidence to examine, evaluate and weigh. Plaintiff was hampered by the exclusion of many of his proposed exhibits.
As stated above, Plaintiff purchased the subject property on October 25, 2007. He paid a total of $1.2 million. He now requests a two-thirds reduction as of only a few weeks later. That is neither reasonable nor realistic under the circumstances presented at trial.
Plaintiff's primary argument at trial was an attempt to discredit Defendant's information.
That is not sufficient to warrant a reduction. As stated inPoddar v. Dept of Rev.,18 OTR 324, 332 (2005) (citation omitted):
 "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property."
The best valuation evidence is that offered by Defendant. Plaintiff has the burden of proof and must establish its case by a "preponderance" of the evidence. See ORS 305.427. *Page 4 
A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. ofRevenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev.,310 Or 260, 265, 798 P2d 235 (1990). Plaintiff in this case has not met that statutory requirement. Accordingly, the appeal must be denied.
 III. CONCLUSION
Plaintiff has not submitted sufficient valuation evidence to support an assessment reduction for the 2008-09 tax year. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of May 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This Decision was signed by Magistrate Jeffrey S. Mattsonon May 12, 2010. The court filed and entered this Decisionon May 12, 2010.
[1] Plaintiff estimated up to 16 acres could be termed as wetlands.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.